# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MESERETU WONDIE,                    :
                                    :
              Plaintiff,            :        Civil Action No.:        09-0625  (RMU)
                                    :
       v.                           :        Re Document No.:         7
                                    :
RAHEAL MEKURIA,                     :
                                    :
              Defendant.            :

## MEMORANDUM OPINION

### GRANTING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

## I. INTRODUCTION

This matter is before the court on the plaintiff's motion for default judgment.  The plaintiff, an artist of Ethiopian origin, commenced this action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*., claiming that the defendant produced and sold unauthorized copies of one of his copyrighted paintings.  The defendant has not responded to the plaintiff's complaint or otherwise participated in this litigation.  For the reasons discussed below, the court grants the plaintiff's motion for default judgment and awards him injunctive and monetary relief.

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff is an artist of Ethiopian origin whose paintings center on his Ethiopian heritage and have been exhibited internationally.  Compl. ¶¶ 9-10.  He is the creator of an original painting titled "Meskelathe Beza" ("the Painting"), for which he owns a registered United States copyright.  *Id.* ¶ 1, Ex. B.  The defendant is the owner of a store located in the District of Columbia that sells Ethiopian food, clothing, music and art.  *Id.* ¶ 5.  In 1993, the

defendant purchased a set of poster prints of the Painting, at ten dollars per print, for the purposes of reselling them at her store. *Id.* ¶ 2; Pl.'s Decl. ¶ 5. Each print contained a copyright notice. Compl. ¶ 13. Between 1993 and 2003, the defendant occasionally bought more prints from the plaintiff to replenish her supply. Pl.'s Decl. ¶ 6.

In May 2006, the plaintiff visited the defendant's store and observed at least fifteen unauthorized copies of the Painting on sale for seven to ten dollars. *Id.* ¶ 9. The unauthorized copies did not contain the plaintiff's copyright notice. Compl. ¶ 13. The plaintiff purchased one unauthorized copy of the Painting at the defendant's store for seven dollars. Pl.'s Decl. ¶ 9; Pl.'s Mot., Ex. D.

On April 6, 2009, the plaintiff filed a complaint against the defendant for copyright infringement. *See generally* Compl. The plaintiff served the defendant on April 29, 2009 by leaving a copy of the summons and complaint with the defendant's husband at her residence. Pl.'s Aff. of Serv. Because the defendant failed to appear, plead or otherwise defend herself in this action, the Clerk of the Court entered default against the defendant on September 4, 2009. Entry of Default (Sept. 4, 2009). On May 10, 2010, the plaintiff filed this motion for default judgment, seeking a permanent injunction and monetary damages. *See generally* Pl.'s Mot. Despite being served with a copy of this motion, the defendant has failed to respond.

## III. ANALYSIS

### A. Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Rule 55(a) of the Federal Rules of Civil Procedure

provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. *Id.* 55(b)(2).

Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, modern courts do not favor default judgments. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party . . . [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id.* at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of the trial"). Default does not, however, establish liability for the amount of damage that the plaintiff claims. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty). The court has considerable latitude

in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

### B. The Court Grants the Plaintiff's Motion for Entry of Default Judgment

### 1. The Defendant's Default Establishes Her Liability for Copyright Infringement

The defendant's default in this action establishes her liability for the well-pleaded allegations in the plaintiff's complaint. *Adkins*, 180 F. Supp. 2d at 17. Accordingly, the plaintiff argues that the defendant is liable for copyright infringement and that the court should enter a default judgment. Pl.'s Mot. at 2-3.

To establish liability for copyright infringement, the plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Stenograph L.L.C. v. Bossard Assocs., Inc.*, 144 F.3d 96, 99 (D.C. Cir. 1998) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The plaintiff is the owner of a valid copyright for the Painting. Compl., Ex. B. The defendant made unauthorized copies of the Painting, removed the plaintiff's copyright notice and sold the unauthorized copies for profit without the plaintiff's knowledge or authorization. Compl. ¶¶ 2-3. These allegations, coupled with the defendant's default, establish the defendant's liability for willfully infringing on the plaintiff's copyright in the Painting. *Id.* Accordingly, the court concludes that the defendant is liable for copyright infringement, grants the plaintiff's motion and enters default judgment against the defendant. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, L.L.C.*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (explaining that a defendant's failure to

4

respond to the summons and complaint, the entry of default, or the motion for default judgment satisfies the standard for entry of default judgment) (citing *Gutierrez v. Berg Contracting Inc.*, 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000)).

## 2. The Plaintiff is Entitled to Injunctive and Monetary Relief

### a. The Plaintiff's Request for Injunctive Relief

The plaintiff requests that the court permanently enjoin the defendant, her employees and agents and all persons acting in concert with her from engaging in future infringement of the plaintiff's copyright in the Painting. Pl.'s Mot. at 3-5. The plaintiff argues that such an injunction is necessary because his ability to exclusively market and sell his original work is being permanently and irreparably impaired by the defendant's actions. *Id.* at 4-5.

In determining whether to grant a permanent injunction, the court "considers a modified iteration of the factors it utilizes in assessing preliminary injunctions: (1) success on the merits, (2) whether the plaintiffs will suffer irreparable injury absent an injunction, (3) whether, balancing the hardships, there is harm to defendants or other interested parties, and (4) whether the public interest favors granting the injunction." *American Civil Liberties Union v. Mineta*, 319 F. Supp. 2d 69, 87 (D.D.C. 2004). In copyright infringement cases, a copyright holder is "'presumed to suffer irreparable harm as a matter of law when his right to the exclusive use of copyrighted material is invaded.'" *Health Ins. Ass'n of Am. v. Novelli*, 211 F. Supp. 2d 23, 28 (D.D.C. 2002) (quoting *Hart v. Sampley*, 1992 WL 100135, at *3 (D.D.C. Feb. 4, 1992)). Further, a defendant's "continuing disregard for Plaintiff's rights demonstrates that Defendant will continue to infringe on Plaintiff's rights, absent an injunction. This finding alone entitles Plaintiff to a permanent injunction." *Lifted Research Grp., Inc. v. Behdad, Inc.*, 591 F. Supp. 2d

3, 8 (D.D.C. 2008) ("*Behdad I*") (citing *Walt Disney Co. v. Powell,* 897 F.2d 565, 567 (D.C. Cir. 1990)).

As discussed in the previous section, the plaintiff has succeeded on the merits; the defendant's default establishes her liability for infringing on the plaintiff's copyright over the Painting. *See supra* Part III.B.1. This invasion of the plaintiff's "right to the exclusive use of [his] copyrighted material" constitutes irreparable harm. *Novelli*, 211 F. Supp. 2d at 28. An injunction would cause no harm to the defendant or others, whereas without an injunction, the defendant may continue to produce and sell unauthorized copies of the Painting. Furthermore, the public interest favors protecting the plaintiff's copyright and federal copyright law. *Behdad I*, 591 F. Supp. 2d at 8. Accordingly, the court grants the plaintiff's request for a permanent injunction.

### b. The Plaintiff's Request for Monetary Damages

The plaintiff also requests monetary damages for the defendant's infringement. The plaintiff contends that the defendant has sold at least 300 unauthorized copies of the Painting for seven to ten dollars each. Pl.'s Mot. at 6. The plaintiff argues that each infringing copy sold by the defendant represents a copy that the plaintiff could have sold. *Id.* Because the plaintiff generally sold copies of the Painting to third parties for up to twenty dollars a copy, he contends that the defendant's infringement resulted in lost revenues of $6,000 (300 copies at twenty dollars per copy). *Id.* The plaintiff asserts that he has lost profits in the amount of $4,030, representing $6,000 in lost revenue less $1,970 in costs associated with the creation and sale of the Painting. *Id.*

Under the Copyright Act, a copyright owner is "entitled to recover the actual damages suffered . . . as a result of the infringement, and any profits of the infringer that are attributable to

the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). In calculating actual damages on a motion for default judgment, the plaintiff must prove his entitlement to the amount of damages requested. *Breaking the Chain Found., Inc. v. Capitol Educ. Support, Inc.*, 589 F. Supp. 2d 25, 31 (D.D.C. 2008). In its determination of actual damages, a court may draw all reasonable inferences from the plaintiff's recollections and the evidence offered. *Pleitez v. Carney*, 594 F. Supp. 2d 47, 48-49 (D.D.C. 2009).

Alternatively, the court may award statutory damages (instead of actual damages), holding the infringer liable for an amount not less than $750 or more than $30,000 per work infringed. 17 U.S.C. § 504(c)(1). In cases of willful infringement, the court in its discretion may increase this award up to $150,000. *Id.* § 504(c)(2). Statutory damages are often appropriate on a motion for default judgment because a defaulting party has information needed to prove actual damages. *Behdad I*, 591 F. Supp. 2d at 8 (quoting *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio 2007)).

Calculating actual damages in this case proves to be difficult due to the incomplete nature of the plaintiff's evidence. The plaintiff asserts, based on information and belief, that the defendant has sold at least 300 copies of the Painting at seven to ten dollars each. Pl.'s Decl. ¶ 11. The plaintiff has not, however, provided the court with information regarding the defendant's sales, revenues or profits from the sale of the infringing copies. *See generally* Pl.'s Mot. Given that the plaintiff himself purchased an unauthorized copy for seven dollars, *see* Pl.'s Decl. ¶ 9, the court cannot assume that the defendant sold all 300 unauthorized copies for ten dollars each. *Cf. Breaking the Chain*, 589 F. Supp. 2d at 31-32 (accepting price of concert event as printed on ticket in calculating the defendant's profits from ticket sales in trademark infringement case, but rejecting hearsay evidence as proof of how many tickets were sold).

Furthermore, because the defendant sold the infringing copies at a lower price (seven to ten dollars) than the plaintiff would have charged (ten to twenty dollars), the court cannot assume that the plaintiff would have been able to sell all 300 copies at a higher price. *See Stevens Linen Assocs., Inc. v. Mastercraft Corp.*, 656 F.2d 11, 14 (2d Cir. 1981) (refusing to grant damage award based on an assumption that the plaintiff would have sold the entire amount of fabric that the defendant copied and sold at a lower price). Indeed, the plaintiff has presented scant evidence that the defendant actually sold 300 unauthorized copies of the Painting. *See generally* Pl.'s Mot.; Pl.'s Decl.

The difficulty of computing actual damages in this case suggests that statutory damages are more appropriate here. *See Behdad I*, 591 F. Supp. 2d at 8. Although usually awarded upon the plaintiff's request, a court may exercise its discretion to award statutory damages even if the plaintiff does not specifically request such an award. *See Dan Kasoff, Inc. v. Palmer Jewelry Mfg. Co.*, 171 F. Supp. 603, 607 (S.D.N.Y. 1959) (stating that "the inadequacy of proof as to both profits and damages, does show that this is a case for the exercise of a proper judicial discretion in fixing statutory damages"). In determining an award of statutory damages, courts look to factors including "(1) expenses saved and profits reaped by the infringing party, (2) revenues lost by the copyright holder, and (3) whether the infringing party acted willfully." *Lifted Research Grp., Inc. v. Behdad*, 2010 WL 2662277, at *5 (D.D.C. June 30, 2010) ("*Behdad II*"). Courts have wide discretion as to the amount of statutory damages to be awarded. *Id.*; *compare Harrison Music Corp. v. Tesfaye*, 293 F. Supp. 2d 80, 84 (D.D.C. 2003) (awarding $2,000 per infringement in a case involving unauthorized use of copyrighted music, when the defendants knowingly failed to pay licensing fees but reaped minimal profits from the infringement) *with Behdad II*, 2010 WL 2662277, at *6 (awarding $30,000 for the willful

infringement of copyrighted apparel and explaining that such award was reasonable and within the accepted range of damages under the statute).

Considering the expenses saved and profits reaped by the defendant, and revenues lost by the plaintiff, the court concludes that $4,000 is a reasonable and just award for the defendant's willful violation of the plaintiff's copyright. The award includes $3,000 to compensate the plaintiff for lost profits: the defendant informed the plaintiff that she possessed at least 300 infringing copies of the Painting, and, as per their previous arrangement, the defendant paid the plaintiff ten dollars per copy ($3,000 = 300 copies at ten dollars per copy). *See* Pl.'s Decl. ¶ 5, 10. The award also includes $1,000 in consideration of the willful nature of the defendant's actions, demonstrated by her deliberate removal of the plaintiff's copyright notice. *See Harrison Music Corp.*, 293 F. Supp. 2d at 84 (awarding statutory damages to compensate the plaintiff for unpaid licensing fees as well as to account for the willfulness of the defendants' infringement). This award is commensurate with the plaintiff's original request for actual damages, *see* Pl.'s Mot. at 5-6, and comports with the objective of statutory damages of deterring wrongful conduct. *See Harrison Music Corp.*, 293 F. Supp. 2d at 83 (stating that "[s]tatutory damages are not designed to be merely compensatory or restitutionary, but are also meant to discourage wrongful conduct"). Accordingly, the court determines that the defendant is liable for $4,000 in statutory damages.

## IV. CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion for entry of default judgment. An Order consistent with this Memorandum Opinion is separately and

contemporaneously issued this 4th day of October, 2010.


                                        RICARDO M. URBINA
                                        United States District Judge